**FORCHELLI DEEGAN TERRANA LLP**
By: Nathan R. Jones
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel. (516) 248-1700
Fax (516) 750-6415
Email: njones@forchellilaw.com

*Attorneys for Defendant Sprout Mortgage Asset Trust*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAMILY FIRST FUNDING LLC,<br><br>                    Plaintiff,<br><br>            vs.<br><br>SPROUT MORTGAGE ASSET TRUST,<br><br>                    Defendant. | Case No. 1:22-cv-4406-GHW<br><br>**ANSWER WITH<br>AFFIRMATIVE DEFENSES** |

Defendant Sprout Mortgage Asset Trust ("SMAT"), by its attorneys, Forchelli Deegan

Terrana LLP, as and for an Answer to the Amended Complaint filed by Plaintiff Family First

Funding LLC ("FFF") on July 26, 2022 (the "Complaint"), hereby alleges as follows:

## NATURE OF THE ACTION

1.      Denies the allegations contained in paragraph 1 of the Complaint.

2.      Admits the allegations contained in paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in paragraph 3 of the Complaint and respectfully refers to

the MLPA for an accurate depiction of its contents and for this Court's interpretation.

4.      Denies the allegations contained in paragraph 4 of the Complaint.

5.      Denies the allegations contained in paragraph 5 of the Complaint and respectfully

refers any questions of law for the interpretation of this Court.

6.      Denies the allegations contained in paragraph 6 of the Complaint.

7.      Denies the allegations contained in paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint.

## THE PARTIES, JURISDICTION AND VENUE

9.      Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of the Complaint, except admits that SMAT is a Delaware statutory trust which previously maintained a place of business at 90 Merrick Avenue, East Meadow, NY 11554.

12.     The allegations in paragraph 12 of the Complaint contain legal conclusions, but to the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein and respectfully refers any questions of law for the interpretation of this Court.

13.     The allegations in paragraph 13 of the Complaint contain legal conclusions, but to the extent a response is required, denies the allegations contained therein and respectfully refers the MLPA and any questions of law for the interpretation of this Court.

14.     The allegations in paragraph 14 of the Complaint contain legal conclusions, but to the extent a response is required, respectfully refers the MLPA and any questions of law for the interpretation of this Court.

15.     The allegations in paragraph 15 of the Complaint contain legal conclusions, but to the extent a response is required, respectfully refers the MLPA and any questions of law for the interpretation of this Court.

**FACTUAL BACKGROUND**

16.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 16 of the Complaint, except admits that "Qualified Mortgage" loans, often referred to as "QM" loans, are mortgage loans that meet the standards set forth by the Consumer Protection Financial Bureau ("CFPB"), and that "Non-QM" loans are mortgage loans that do not meet the standards set forth by the CFPB.

17.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 23 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

3

24.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 24 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

25.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 25 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

26.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 26 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

27.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 27 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

28.     Denies the allegations contained in paragraph 28 of the Complaint and respectfully refers to the MLPA for an accurate depiction of its contents and for this Court's interpretation.

29.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

32.     Denies the allegations contained in paragraph 32 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

33.     Denies the allegations contained in paragraph 33 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

34.     Denies the allegations contained in paragraph 34 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

35.     Denies the allegations contained in paragraph 35 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 44 of the Complaint.

45.     Denies the allegations contained in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 46 of the Complaint and respectfully refers to

any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

47.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 47 of the Complaint.

48.     Denies the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 50 of the Complaint.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

## COUNT I – FRAUD

52.     With respect to paragraph 52 of the Complaint, repeats and reincorporates its responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Admits the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

## COUNT II – BREACH OF CONTRACT

59.     With respect to paragraph 59 of the Complaint, repeats and reincorporates its responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

### COUNT III – PROMISSORY ESTOPPEL

64.     With respect to paragraph 64 of the Complaint, repeats and reincorporates its responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

### COUNT IV – BREACH OF CONTRACT

71.     With respect to paragraph 71 of the Complaint, repeats and reincorporates its responses to paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.     Denies the allegations contained in paragraph 72 of the Complaint, except admits that SMAT purchased the Stephens Loan.

73.     Denies the allegations contained in paragraph 73 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

74.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 74 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 76 of the Complaint, except admits that SMAT issued payment of the Purchase Price for the Stephens Loan.

77.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 77 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

78.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 78 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

79.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 82 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

83.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 83 of the Complaint.

84.     The allegations in paragraph 84 of the Complaint are a quotation to a document, but to the extent a response is required, respectfully refers the MLPA and any questions of law for the interpretation of this Court.

85.     The allegations in paragraph 85 of the Complaint are a quotation to a document, but to the extent a response is required, respectfully refers the MLPA and any questions of law for the interpretation of this Court.

86.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 86 of the Complaint and respectfully refers to any documents referenced therein for an accurate depiction of their contents and for this Court's interpretation.

87.     Denies the allegations contained in paragraph 87 of the Complaint.

## COUNT V – UNJUST ENRICHMENT

88.     With respect to paragraph 88 of the Complaint, repeats and reincorporates its responses to paragraphs 1 through 87 of the Complaint as if fully set forth herein.

89.     Denies the allegations contained in paragraph 89 of the Complaint.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.     Denies the allegations contained in paragraph 91 of the Complaint.

92.     Without assuming the burden of proof where it otherwise rests with Plaintiff, pleads the following affirmative defenses to the claims alleged in the Complaint:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

93.     Plaintiff fails, in whole or in part, to state claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

94.     Plaintiff's claims fail to the extent that conditions precedent to closing, including issuance of a purchase advice, were not met.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

95.     Plaintiff's claims fail to the extent that they rest on non-contractual, ministerial documents peripheral to the MLPA and not on terms of the MLPA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

96.     Plaintiff's claims are barred, in whole or in part, by the doctrine of merger.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

97.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or ratification.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

98.     Plaintiff's claims are barred because Plaintiff breached its obligations under the MLPA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

99.     Plaintiff's claims and/or damages are barred, in whole or in part, by lack of causation.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

100.    Plaintiff's damages, if any, should be reduced because of its failure to mitigate.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

101.    Plaintiff's claims fail to the extent they do not allege fraud with particularity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

102.    Defendant hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of, discovery in this action and hereby reserves its right to amend this answer to assert such a defense.

WHEREFORE, Defendant Sprout Mortgage Asset Trust respectfully requests that the claims asserted against it in the Complaint be denied and that judgment on such claims be entered in favor of Sprout Mortgage Asset Trust, together with an award for costs and attorney's fees and any other relief the Court deems just.

Dated:   Uniondale, New York
         October 17, 2022

                                          Respectfully Submitted,

                                          FORCHELLI DEEGAN TERRANA LLP

                                          By:  /s/ Nathan R. Jones
                                                  Nathan R. Jones
                                                  333 Earle Ovington Blvd, Suite 1010
                                                  Uniondale, New York 11553
                                                  (516) 248-1700
                                                  *Attorneys for Defendant*

To:

OFFIT KURMAN, P.A.
Daniel I. Goldberg
590 Madison Avenue, 6th Floor
New York, New York 10022
(347) 589-8542
*Attorneys for Plaintiff*